**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 8:25-cr-530-CEH-LSG

BRIAN CURTIS RAYMOND,

    Defendant.
_____/

**PRETRIAL DISCOVERY ORDER AND
NOTICE OF TRIAL AND STATUS CONFERENCE**

To facilitate a self-executing procedure to regulate discovery in this action and to eliminate or to minimize the number of discovery motions, the parties shall abide the requirements of this order.

    **I.**     **Discovery and disclosure requirements of the United States**

On request by a defendant, at arraignment or in writing thereafter, counsel for the United States shall comply with the following discovery and disclosure requirements no later than fourteen days after the day of the request, unless otherwise specified.

    A.     The United States shall provide the following information and documents or supply copies thereof, which are within the possession, custody, or control of the United States the existence of which is known to the United States.

        i.    All written, recorded, or oral statements made by the defendant, including grand jury testimony, as defined in Rule 16(a)(1)(A).

      ii.   The defendant's prior criminal record as defined in Rule 16(a)(1)(B).

      iii.   Documents and tangible objects which are material to the preparation of the defense or were obtained from or belong to the defendant or are intended for use by the United States in its case-in-chief, as defined in Rule 16(a)(1)8. In addition, the United States shall notify the defendant of all tape-recordings or video-recordings obtained during the investigation regardless of whether the recordings will be used in the United States' case-in-chief or contain statements of the defendant.

      iv.   Results or reports of physical or mental examination, and of scientific tests or experiments, which are material to the preparation of the defense, or are intended for use by the United States, as defined in Rule 16(a)(1)(D).

      v.   At the defendant's request, the United States shall disclose to the defendant a written summary of testimony the United States intends to use under Rules 702, 703, or 705, Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases, and the reasons therefor, and the witnesses' qualifications. Rule 16(a)(1)(E)(1993 amendment).

    B.   The United States shall advise its agents and officers involved in this case to preserve all rough notes.

    C.   The United States shall state whether defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

D. The United States shall state whether any evidence to be introduced at trial, or leads therefrom, was obtained as a result of a search warrant issued under Rule 41, Fed. R. Crim. P.

E. The United States shall state whether the defendant was the subject of electronic surveillance as defined in Title 18, United States Code, Section 2510(11), and if so, shall set forth in detail the circumstances thereof, including copies of the application(s), affidavit(s) and order(s).

F. The United States shall reveal to the defendant and permit inspection and copying of all information and material known to the United States which may be favorable to the defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976). Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the United States has a continuing obligation to produce all evidence required by the law and the Federal Rules of Criminal Procedure. *See id.* at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf…, including the police"); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to

disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that *Brady* encompasses impeachment evidence); see also Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure). The United States' obligation to provide exculpatory evidence pursuant to *Brady* in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. Where doubt exists as to the usefulness of the evidence to the defendant, the United States must resolve all such doubts in favor of full disclosure.

Accordingly, the Court *sua sponte*, directs the United States to produce to defendant in a timely manner—including during plea negotiation—any evidence in its possession that is favorable to defendant and material either to defendant's guilt or punishment. The United States is further directed to produce all discoverable evidence in a readily usable form. For example, the United States must produce documents as they are kept in the usual course of business or must organize and label them clearly. The United States must also produce electronically stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the United States is directed to produce it in a readily usable form. If the information already exists or was memorialized in a tangible format, such as a

document or recording, the information shall be produced in that format. If the information does not exist in such a format and, as a result, the United States is providing the information in a summary format, the summary must include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

Finally, if the United States has identified any information which is favorable to the defendant but which the United States believes not to be material, the United States shall submit such information to the Court for *in camera* review.

G.   The United States shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). The United States shall supply the defendant with a record of prior convictions of any witness who will testify for the United States at trial.

**II.   Reciprocal discovery**

Any defendant requesting discovery of those items specified in Rule 16(a)(1)(C) and (D) shall promptly disclose to the United States all documents and tangible items and reports of examinations and tests to be introduced at trial as defined in Rule 16(b)(1), Fed. R. Crim. P. (reciprocal discovery).

### III. Rule 404(b) Evidence

No later than thirty (30) days after the date of this order, the United States shall advise the defendant of the general nature of any evidence which it intends to introduce at trial pursuant to Rule 404(b), Fed. R. Evid., including any extrinsic act evidence which may be used during its case-in-chief, for impeachment, or for possible rebuttal purposes. *See United States v. Carrasco*, 381 F.3d 1237, 1240-1241 (11th Cir. 2004) and Fed. R. Evid. 404 advisory committee's note (1991 amendment).

### IV. Continuing duty to disclose

It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this order.

### V. Discovery motions

All motions and memoranda concerning matters not covered by this order must be filed within thirty (30) days after receipt of the United States' Rule 16(a) discovery, and responses must be filed within ten (10) days thereafter subject to the following certification requirement. Specifically, the Court will not entertain any motion relating to discovery unless counsel for the moving party certifies to the Court, in writing (1) that counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference or that opposing

counsel has refused to confer without good cause and (2) that the motion concerns matters which are not covered by this order and that the relief requested is supported by a factual and legal showing as set forth in the motion and memorandum.

## VI. Trial and status conference schedule

This case is set for **TRIAL** before the Honorable Charlene E. Honeywell United States District Judge during the **February 2, 2026,** trial term.

**AFTER THE FIRST DAY OF THE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY FOR THE TRIAL UPON 24 HOURS NOTICE.**

Motions to continue must be filed as soon as the need for a motion to continue is determined and no later than forty-eight (48) hours before the status conference. Any motion shall state a reason under 18 U.S.C. § 3161(h)(7)(B) why a continuance is requested and be filed as soon as it is known that a continuance is needed. Motions to continue must include the language that defense counsel has specifically advised his client that by requesting this continuance, or consenting thereto, the defendant has waived his rights to a speedy trial, as well as language that they have consulted with the Assistant U.S. Attorney assigned to the case, and the AUSA consents.

This case is set for a **ZOOM STATUS CONFERENCE** on January 20, 2026, at 9:30 a.m.

**ORDERED** this 11th day of December, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge